**FILED - GR**
February 9, 2012 4:10 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _KVT_/_____   SCANNED BY MJS / 2/13

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID CHARLES SWARTWOUT,

Plaintiff,

-v-

**EDGEWATER GRILL LLC**, a Michigan Limited
Liability company, and **BLANCHE E. KLAUS**,
an individual and **H&S COMPANIES**, a Michigan
Professional Services corporation and
**WARD VAN DAM**, CPA, all individually,
jointly and severally.

Defendants.

Honorable

Case No.:

1:12-cv-130
Paul L. Maloney, Chief Judge
U.S. District Judge

---

David Charles Swartwout
Plaintiff
816 S. Beacon Blvd.  #59
Grand Haven  MI  49417
(616) 916-3223

---

Edgewater Grill LLC
Blanche E. Klaus
Defendant's
10790 West Blue Lake Dr
Mecosta  MI  49332
231-972-2916
231-349-2915

---

H & S Companies PC
Defendant
711 W Main St
Fremont  MI 49412
231-924-6890

---

Ward A. Van Dam
Defendant
4985 S. Harvey Street
Muskegon  MI  49444
231-798-1040

---

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID CHARLES SWARTWOUT,

Plaintiff,

Honorable

-v-

Case No.:

**EDGEWATER GRILL LLC**, a Michigan Limited
Liability company, and **BLANCHE E. KLAUS**,
an individual and **H&S COMPANIES**, a Michigan
Professional Services corporation and
**WARD VANDAM**, CPA, all individually,
jointly and severally.

Defendants.

---

David Charles Swartwout
Plaintiff
816 S. Beacon Blvd.  #59
Grand Haven  MI  49417
(616) 916-3223

---

## <u>COMPLAINT</u>

Now comes Plaintiff DAVID CHARLES SWARTWOUT, and brings his complaint as
follows:

## <u>JURISDICTIONAL ALLEGATIONS</u>

1. Plaintiff brings his claims pursuant to the Internal Revenue Code, 26 U.S.C. s 7434. This
   Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. s 1340 (jurisdiction of
   internal revenue claims); 28 U.S.C. s 1331 (federal question jurisdiction).  This Court
   has supplemental jurisdiction pursuant to 28 U.S.C. s 1367 over Plaintiff's state law
   claims of fraud and conspiracy to commit fraud.

## PARTIES, PERSONS & ENTITIES

2. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

3. Plaintiff is a resident of the City of Grand Haven, Ottawa County, Michigan which is in the Southern Division, Western District of Michigan.

4. Defendant EDGEWATER GRILL LLC is a Michigan limited liability company, incorporated in the State of Michigan, which maintains its principal offices within the Southern Division, Western District of Michigan and conducts business in the Southern Division, Western District of Michigan.

5. Defendant BLANCHE E. KLAUS is a resident of Morton Township, Mecosta County, Michigan which is in the Southern Division, Western District of Michigan.

6. Defendant BLANCHE E. KLAUS is the sole organizing member and, at all times relevant to this complaint, was the sole member of the Michigan limited liability company known as Edgewater Grill LLC.

7. Defendant H&S COMPANIES PC is a Michigan Professional Services corporation, incorporated in the State of Michigan, with its principal place of business located in Newaygo County, State of Michigan and which conducts business in the Southern Division, Western District of Michigan.

8. Defendant WARD A. VAN DAM, is a CPA, licensed in the State of Michigan (license #1101008566).

9. Defendant WARD A. VANDAM, is a managing partner of Defendant H&S COMPANIES and the managing partner overseeing the Muskegon office.

10. Plaintiff was an employee of Defendant EDGEWATER GRILL LLC.

11. Defendants EDGEWATER GRILL LLC and BLANCHE E. KLAUS are employers and persons as defined by the Internal Revenue Code.

12. The acts giving rise to this complaint took place within the Southern Division, Western District of Michigan.

## COMMON ALLEGATIONS

13. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

14. On or about March 15, 2010 Plaintiff began his employment with Defendant EDGEWATER GRILL LLC as the General Manager.

15. Plaintiff was hired pursuant to an implied-in-fact employment contract. (SEE Exhibit A)

16. Plaintiff negotiated the terms of his employment with Defendant EDGEWATER GRILL LLC by and through its sole member, Defendant BLANCHE E. KLAUS.

17. Under the terms of said employment, Defendant EDGEWATER GRILL LLC was to compensate the Plaintiff at the rate of $1,000.00 per week, net of all payroll taxes.

18. Under the terms of said employment, Plaintiff's compensation was to be split between a weekly paycheck and a restricted deposit account on a 50/50 basis.

19. In addition, under the terms of said employment, Defendant EDGEWATER GRILL LLC was also to pay to the IRS and State of Michigan., Plaintiffs' portion of any all payroll taxes and payroll withholding.

20. On or about May 25, 2010, Plaintiff began receiving his weekly pro-rated portion of his compensation. (SEE Exhibit B)

21. Defendant EDGEWATER GRILL LLC and/or its employees, agents and/or servants, namely Blanche E Klaus, discharged Plaintiff from his employment with Defendant EDGEWATER GRILL LLC on October 20, 2010.

22. During the period of May 25, 2010 and October 17, 2010 all compensation paid to Plaintiff was recorded in the Payroll Register of Defendant EDGEWATER GRILL LLC. (SEE Exhibit C)

23. Defendant EDGEWATER GRILL LLC, on or about October 31, 2010, ceased business operations.

24. On or about January 19, 2011 Plaintiff sent Defendant WARD VAN DAM at his offices at H&S COMPANIES PC notification of his current address so as to facilitate the timely arrival of his 2010 form W-2. (SEE Exhibit D)

25. On or before February 8, 2010 Defendant H & S COMPANIES PC, by and through its agent, partner and employee Defendant WARD VAN DAM created and filed and/or directly caused the creation and filing of  the IRS 2010 Form W-2 in the name of Plaintiff.

26.  Plaintiff received his  IRS 2010 Form W-2 on or about February 9, 2011. (SEE Exhibit E).

27.  On or about February 9, 2011, Plaintiff notified Defendant WARD VAN DAM at his offices at H&S COMPANIES PC of major discrepancies in the amount listed of his 2010 form W-2 as compared to Defendant EDGEWATER GRILL LLC's payroll register and as compared to his payroll check stubs. (SEE Exhibit F)

28.  Without receiving any response from either Defendant H&S COMPANIES PC or Defendant EDGEWATER GRILL LLC, on or about February 16, 2011, Plaintiff formally requested a corrected 2010 from W-2. (SEE Exhibit G)

29.  On and after February 16, 2011 Defendants EDGEWATER GRILL LLC and H & S COMPANIES PC failed to respond in any form, including failing to provide or file a corrected 2010 W-2.

30. On or about February 25, 2011 Plaintiff filed his 2010 Federal Income Tax Return with the 2010 W-2 provided by Defendants H & S COMPANINES PC and WARD VAN DAM CPA.

31.  Form W-2 is a form described under 26 USC s 7434(f); 26 USC s 6724 (d)(1)(A)(viii).

32. As a result of Defendants actions, Plaintiff has suffered economic and other damages.

33. Plaintiff has filed  this complaint within one (1) year of discovering the deficient 2010 from W-2.

## COUNT I

## FRAUD – EDGEWATER GRILL

34. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

35. Defendant EDGEWATER GRILL is a Michigan Limited Liability company, organized under the laws of the State of Michigan, being Act 23 PA 1993; MCL 450.4101 et.al.. (SEE Exhibit H)

36. Under the Articles of Organization, Defendant EDGEWATER GRILL is to be managed by its members.

37. Under the Articles of Organization, Defendant EDGEWATER GRILL does not make any provision for the elimination or limitation of liability of its members in case of breach of duty, breach of fiduciary duty or for violation of law.

38. Defendant EDGEWATER GRILL is a "person" as defined under 26 USC 7434.

39. Defendant EDGEWATER GRILL is an "employer" as defined under 26 USC 3401(d) and MCL 408.471(d).

40. Defendant EDGEWATER GRILL is required to substantiate each deduction made by an employer from the wages of an employee and maintain such substantiation in their records as required under MCL 408.477(3).

41. Defendant EDGEWATER GRILL maintained such records in the form of a payroll register and copies of payroll check stubs.

42. Defendant EDGEWATER GRILL did, with intent, fail to provide the necessary records to Defendants H & S Companies and WARD VANDAM.

43. Defendant EDGEWATER GRILL did, with intent, provide Defendants H&S COMPANIES and WARD VANDAM false information regarding the wages and deductions therefrom paid to this Plaintiff. (SEE Exhibit J)

44. Defendant EDGEWATER GRILL did, with intent, fail to disclose to Defendants H&S COMPANIES and WARD VAN DAM the terms of the implied-in-fact contract between itself and this Plaintiff.

45. Defendant EDGEWATER GRILL failed to provide records, failed to disclose pertinent information and did purposely provide false information with the intent of defrauding this Plaintiff out of past earned but unpaid earnings and future earnings.

46. By these actions, Defendant EDGEWATER GRILL did with the intent to defraud , cause the preparation and filing of a materially false and fraudulent IRS Form W-2.

47. The materially false and fraudulent amounts on the IRS Form W-2 include amounts reported for Gross Wages, Federal Tax Withholding, FICA Tax Withholding and Medicare Tax Withholding. (SEE Exhibit K)

48. By these actions did cause damage to Plaintiff in lost wages in excess of $10,000.00 and lost future earnings in amounts in excess of $10,000.00.

## COUNT II
## <u>FRAUD – KLAUS</u>

49. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

50. Defendant BLANCHE E. KLAUS is the organizing member of Defendant EDGEWATER GRILL.

51. Defendant BLANCHE E. KLAUS is the registered agent of Defendant EDGEWATER GRILL.

52. Defendant BLANCHE E. KLAUS is, at all times relevant, the sole member of Defendant EDGEWATER GRILL.

53. Under the Limited Liability Corporation Act, EDGEWATER GRILL  is to be "managed" by its members absent a provision in the Articles of Organization.

54. There is no such provision within the Articles of Organization of  Defendant EDGEWATER GRILL.

55. Defendant BLANCHE E. KLAUS owed a duty to EDGEWATER GRILL to manage the affairs of the business in the best interest of EDGEWATER GRILL.

56. Defendant BLANCHE E. KALUS had personal knowledge of the terms and conditions of the implied-in-fact employment contract between EDGEWATER GRILL and this Plaintiff.

57. Defendant BLANCHE E. KLAUS, acting in her position with EDGEWATER GRILL, and upon the termination of this Plaintiff, had personal possession of the payroll records of EDGEWATER GRILL, including the payroll records of this Plaintiff.

58. Defendant BLANCHE E. KLAUS did with forethought intentionally withhold, misrepresent and/or manipulate certain information and records necessary for the accurate preparation, presentation and filing of this Plaintiff's IRS Form W-2.

59. The materially false and fraudulent amounts on the IRS Form W-2 include amounts reported for Gross Wages, Federal Tax Withholding, FICA Tax Withholding and Medicare Tax Withholding.

60. Defendant BLANCHE E. KLAUS withheld, misrepresented and/or manipulated certain information and records with the intent to defraud this Plaintiff of lost wages in excess of $10,000.00 and lost future earnings in amounts in excess of $10,000.00.

61. Under the Limited Liability Company Act, Defendant EDGEWATER GRILL:

> "... may not indemnify a person for conduct described
> in section 407 ..." (MCL 450.4216)

62. Under the Limited Liability Company Act, Section 407, (MCL 450.1407) "conduct" is defined as:

> "... a financial gain not entitled ..." and "... knowing violation of law..."

63. The actions and conduct of Defendant BLANCHE E. KLAUS provided her with a direct financial gain in that as the sole member of EDGEWATER GRILL and the sole financial provider of and for EDGEWATER GRILL, she would not have to provide the financial resources necessary for EDGEWATER GRILL to pay this Plaintiff the past earned but unpaid wages.

64. The actions and conduct of Defendant BLANCHE E. KLAUS were an intentional violation of, being preparing and filing a false Form W-2.

65. Defendant BLANCHE E. KLAUS acted in her own best interests and not the best interest of EDGEWATER GRILL.

(this space intentionally left blank)

## COUNT III

### FRAUD – VANDAM

66. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

67. Defendant WARD A. VAN DAM was the personal account to Defendant BLANCHE E. KLAUS prior to joining H&S COMPANIES.

68. Defendant WARD A. VAN DAM joined H&S COMPANIES in or around 1998 as managing partner and assigned to the Muskegon (Norton Shores) office.

69. After joining H&S COMPANIES, Defendant WARD A. VAN DAM continued to represent BLANCHE E. KLAUS, both personally and in her business enterprises.

70. On or after October 20, 2010, Defendant WARD A. VAN DAM came into possession of the payroll records of EDGEWATER GRILL.

71. Defendant WARD A. VAN DAM knew or should have known, based on the payroll records of EDGEWATER GRILL the true and correct amounts to be presented and reported on IRS Form W-2 of this Plaintiff.

72. Defendant WARD A. VAN DAM did with forethought and did intentionally misrepresent and manipulate the amounts prepared and presented on this Plaintiff's IRS Form W-2.

73. The intentionally misrepresented and manipulated amounts on the IRS Form W-2 include amounts reported for Gross Wages, Federal Tax Withholding, FICA Tax Withholding and Medicare Tax Withholding.

74. By these actions Defendant WARD A. VAN DAM did cause damage to Plaintiff in lost wages in excess of $10,000.00 and lost future earnings in amounts in excess of $10,000.00

## COUNT IV

### <u>FRAUD – H&S COMPANIES</u>

75. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

76. Defendant H&S COMPANIES is a professional Serves Corporation, organized under the laws of the State of Michigan and under the Professional Service Corporation Act, being Act 192 of 1962; MCL 450.221 et.seq..

77. Defendant WARD A. VAN DAM, at all times relevant, was an employee of Defendant H&S COMPANIES.

78. Defendant WARD A. VAN DAM, at all times relevant, was a partner of Defendant H&S COMPANIES.

79. Defendant WARD A. VAN DAM, at all times relevant, was a corporate officer of Defendant H&S COMPANIES.

80. Defendant WARD A. VAN DAM, at all times relevant, was a corporate director of Defendant H&S COMPANIES.

81. Defendant H&S COMPANIES, by and through its employee, partner, agent, officer and director, Defendant WARD A. VAN DAM, was hired, retained or engaged to preform professional services, i.e. bookkeeping, accounting and tax preparation, for and on behalf of and for the benefit of Defendants EDGEWAGTER GRILL AND BALNCHE E. KALUS.

82. As an employee and partner, Defendant WARD A. VAN DAM had a duty and responsibility to H&S COMPANIES to carry out his duties and responsibilities in a professional manner.

83. Defendant WARD .A VAN DAM breached said duty and responsibility.

84. Defendant H&S COMPANIES has a duty and responsibility to manage, govern and oversee their employees and partners.

85. Defendant H&S COMPANIES was notified by this Plaintiff of the major discrepancies and misrepresentations with regard to this Plaintiff's IRS Form W-2. (SEE Exhibit L)

86. Under the Professional Service Corporation Act, Defendant H&S COMPANIES:

> "...shall be liable ... for any negligent or wrongful acts or
> misconduct committed by any of its officers, shareholders,
> agents or employees while they are engaged on behalf of
> the corporation in the rendering of professional services.". (MCL 450.226)

87. The actions and conduct of Defendant WARD A. VAN DAM are negligent, wrongful misconduct, fraudulent and border on criminal.

88. By their actions and inactions Defendant H&S COMPANIES did cause damage to Plaintiff in lost wages in excess of $10,000.00 and lost future earnings in amounts in excess of $10,000.00

## COUNT V
## CIVIL CONSPIRACY

89. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

90. From on or about October 20, 2010 through at least February 8, 2011, in the Western District of Michigan, the Defendants, EDGEWATER GRILL LLC AND BLANCHE E. KLAUS AND WARD A. VAN DAM AND H&S COMPANIES, together did willfully and knowingly combine, conspire, confederate and by agreement with each other to defraud this Plaintiff, by means of filing a materially false and fraudulent Form W-2, in violation of Title 26, United States Code, Section 7434.

91. It was a part and an object of the conspiracy that, during the period of October 20, 2010 through at least February 8, 2011, EDGEWATER GRILL LLC AND BLANCHE E. KLAUS AND WARD A. VAN DAM AND H&S COMPANIES, the Defendants, would and did, by agreement, defraud this Plaintiff and acting for their own financial gain, and for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service (IRS), through the Social Security Administration, in the ascertainment, computation and assessment of future benefits of this Plaintiff, by falsely

representing to the IRS amounts earned and amounts withheld from those earnings.

92. It was a part and an object of the conspiracy that, during the period of October 20, 2010 through at least February 8, 2011, EDGEWATER GRILL LLC AND BLANCHE E. KLAUS AND WARD A. VAN DAM AND H&S COMPANIES, the Defendants, would and did, by agreement, defraud this Plaintiff and acting for their own financial gain and for the purpose of defrauding this Plaintiff out of past, but earned, wages and earnings.

93. It was a part and an object of the conspiracy that, during the period of October 20, 2010 through at least February 8, 2011, EDGEWATER GRILL LLC AND BLANCHE E. KLAUS AND WARD A. VAN DAM AND H&S COMPANIES, the Defendants, would and did, by agreement, defraud this Plaintiff and acting for their own financial gain and for the purpose of defrauding this Plaintiff out of future earnings, such as benefits by and through the Social Security Administration.

## COUNT VI
## CIVIL CONSPIRACY
## EDGEWATER GRILL & KLAUS

94. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

95. On or about October 20, 2012 and through February 8, 2011 the Defendants EDGEWATER GRILL LLC and BLANCHE E. KLAUS did knowingly and willfully devise and intend to devise a scheme and artifice and by agreement to defraud and to obtain a financial gain by means of materially false and fraudulent pretenses, representations and promises as described in paragraphs 85 through 87 of Count V.

96. For the purpose of executing the aforesaid scheme and artifice, the Defendants EDGEWATER GRILL LLC and BLANCHE E. KLAUS did knowingly and willfully cause the false and misrepresented facts of the implied-in-fact employment agreement to be conveyed or otherwise supplied to other co-conspirators.

97. Through the Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's gross wages in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

98. Through the Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's social security tax withholding (FICA) in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

99. Through the Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's medicare tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

100.     Through the Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, and at least two other known co-conspirators executed an agreement to defraud specifically by overreporting this Plaintiff's federal income tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

101.     On or about October 20, 2010 and through February 8, 2011 EDGEWATER GRILL and BLANCHE E. KLAUS, Defendants, did consult and agree with one another to fraudulently convey or otherwise supply false and misrepresented facts and figures to other known co-conspirators.

102.     Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did consult with, agree and conspire with other known co-conspirators to fraudulently prepare the figures appearing on this Plaintiff's Form W-2.

103.      Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did consult with, agree and conspire with other known co-conspirators to present and file the fraudulently prepared figures appearing on this Plaintiff's Form W-2 with the Internal Revenue Service.

104.      The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of past earned wages.

105.      The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of future earnings, i.e. social security benefits.

106.      Defendants EDGWEATER GRILL and BLANCHE E. KLAUS knew that the reporting of the fraudulent figures to the Internal Revenue Service would cause this Plaintiff to suffer financial harm and damages.

**COUNT VII**

**CIVIL CONSPIRACY**

**<u>H&S COMPANIES & VANDAM</u>**

107.      Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

108.      On or about October 20, 2012 and through February 8, 2011 the Defendants H&S COMPANIES and WARD A. VAN DAM did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and by means of materially false and fraudulent pretenses, representations and promises as described in paragraphs 85 through 87 of Count V.

109.      For the purpose of executing the aforesaid scheme and artifice, the Defendants H&S COMPANIES and WARD A. VAN DAM did knowingly and willfully figure, calculate, prepare, present and file false and fraudulent amounts to other known co-conspirators.

110.    Through the Defendant's H&S COMPANIES and WARD A. VAN DAM, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's gross wages in the filing of a false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

111.    Through the Defendant's H&S COMPANIES and WARD A. VAN DAM, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's social security tax withholding (FICA) in the filing of a false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

112.    Through the Defendant's H&S COMPANIES and WARD A. VAN DAM, and at least two other known co-conspirators executed an agreement to defraud specifically by underreporting this Plaintiff's medicare tax withholding in the filing of a false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

113.    Through the Defendant's H&S COMPANIES and WARD A. VAN DAM, and at least two other known co-conspirators executed an agreement to defraud spcifically by overreporting this Plaintiff's federal income tax withholding in the filing of a false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434.

114.    On or about October 20, 2010 and through February 8, 2011 H&S COMPANIES and WARD A. VAN DAM, Defendants, did instruct employee or employees of H&S COMPANIES to calculate, prepare and present  the figures appearing on the false and fraudulent Form W-2.

115.    Defendant H&S COMPANIES and WARD A. VAN DAM, acting as one, did consult with, agree and conspire with  other known co-conspirators to fraudulently prepare the figures appearing on this Plaintiff's Form W-2.

116.    Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did consult with, agree and conspire with  other known co-conspirators to present and file the fraudulently prepared  figures appearing on this Plaintiff's Form W-2 with the Internal Revenue Service.

117.    The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of past earned wages.

118.    The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of future earnings, i.e. social security benefits.

119.    The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to retain EDGEWATER GRILL  and  BLANCHE E. KLAUS as clients of both Defendants H&S COMPANIES and WARD A. VAN DAM

120.    The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to retain all the fees generated by the representation of EDGEWATER GRILL and BLACNHE E. KLAUS  by H&S COMPANIES and WARD A. VAN DAM.

## COUNT VIII
## AIDING & ABETTING – KLAUS

121.    Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

122.    On or about October 20, 2012 and through February 8, 2011 the Defendant BLANCHE E. KLAUS did knowingly,willfully and substantially aid and assist in and advise in the preparation or presentation of a materially false and fraudulent IRS Form W-2.

123.      For the purpose of executing the aiding and abetting, the Defendants EDGEWATER GRILL LLC and BLANCHE E. KLAUS did knowingly, willfully and substantially aid and abet in the false conveyance and misrepresentation of facts which pertain to the implied-in-fact employment agreement between the defendants and this Plaintiff.

*15 of 20*

124.    Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, did aid and abet in the underreporting of this Plaintiff's gross wages in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434 by providing false and misleading information and facts.

125.    Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, did aid and abet in the underreporting this Plaintiff's social security tax withholding (FICA) in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by providing false and misleading information and facts.

126.    Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, did aid and abet in the underreporting this Plaintiff's medicare tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by providing false and misleading information and facts.

127.    Defendant's EDGEWATER GRILL and BLANCE E. KLAUS, did aid and abet in the overreporting this Plaintiff's federal income tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by providing false and misleading information and facts.

128.    On or about October 20, 2010 and through February 8, 2011 EDGEWATER GRILL and BLANCHE E. KLAUS, Defendants, did substantially aid and abet to fraudulently convey or otherwise supply false and misrepresented facts and figures to others, namely Defendants EDGEWATER GRILL and BLANCHE E. KLAUS.

129.    Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did substantially aid and abet other defendants with to fraudulently prepare the figures appearing on this Plaintiff's Form W-2.

130.    Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did substantially aid and abet other defendants to present and file the fraudulently

prepared figures appearing on this Plaintiff's Form W-2 with the Internal Revenue Service.

131.     The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of past earned wages.

132.     The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of future earnings, i.e. social security benefits.

133.     Defendants EDGWEATER GRILL and BLANCHE E. KLAUS knew that the reporting of the fraudulent figures to the Internal Revenue Service would cause this Plaintiff to suffer financial harm and damages.

## COUNT IX
### AIDING & ABETTING – VANDAM

134.     Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

135.     On or about October 20, 2012 and through February 8, 2011 the Defendant WARD A. VAN DAM did knowingly,willfully and substantially aid and assist in and advise in the preparation or presentation of a materially false and fraudulent IRS Form W-2.

136.     Defendant's H&S COMPANIES and WARD A. VAN DAM, did aid and abet in the underreporting of this Plaintiff's gross wages in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434 by figuring, calculating and providing false and misleading amounts.

137.     Defendant's H&S COMPANIES and WARD A. VAN DAM, did aid and abet in the underreporting this Plaintiff's social security tax withholding (FICA) in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by figuring, calculating and providing false and misleading amounts.

138.     Defendant's H&S COMPANIES and WARD A. VAN DAM, did aid and abet in the underreporting this Plaintiff's medicare tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by figuring, calculating and providing false and misleading amounts.

139.     Defendant's H&S COMPANIES and WARD A. VAN DAM, did aid and abet in the overreporting this Plaintiff's federal income tax withholding in the filing of false and fraudulent Form W-2 with the Internal Revenue Service, in violation of Title 26 of the Internal Revenue Service Code Section 7434, by figuring, calculating and providing false and misleading amounts.

140.     On or about October 20, 2010 and through February 8, 2011 H&S COMPANIES and WARD A. VAN DAM, Defendants, did, as part of their acts and actions of aidding and abetting, instruct employee or employees of H&S COMPANIES to calculate, prepare and present the figures appearing on the false and fraudulent Form W-2.

141.     On or about October 20, 2010 and through February 8, 2011 H&S COMPANIES and WARD A. VAN DAM, Defendants, did substantially aid and abet to fraudulently convey or otherwise supply false and misrepresented facts and figures to others, namely Defendants EDGEWATER GRILL and BLANCHE E. KLAUS.

142.     Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, acting as one, did substantially aid and abet other defendants with to fraudulently prepare the figures appearing on this Plaintiff's Form W-2.

143.     Defendants H&S COMPANIES and WARD A. VAN DAM, acting as one, did substantially aid and abet other defendants to present and file the fraudulently prepared figures appearing on this Plaintiff's Form W-2 with the Internal Revenue Service.

144.     The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of past earned wages.

145.     The filing of false and fraudulent Form W-2 was necessitated because a conscious decision was made to defraud this Plaintiff out of future earnings, i.e. social security benefits.

146.     Defendants H&S COMPANIES and WARD A. VAN DAM knew that the reporting of the fraudulent figures to the Internal Revenue Service would cause this Plaintiff to suffer financial harm and damages.

## COUNT X
## JOINT ENTERPRISE

147.     Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

148.     It was an objective and purpose that, during the period of October 20, 2010 and February 8, 2011, the Defendants EDGEWATER GRILL, BLANCHE E. KLAUS, H&S COMPANIES AND WARD A. VAN DAM, together, did defraud this Plaintiff out of owed, unpaid earnings and future benefits through the Social Security Administration.

149.     That if not for the acts and actions or inactions of the other, each defendant would not have been able to commit the fraud.

150.     That each defendant played a substantial role in the act of the fraud.

151.     That by their own respective acts and actions, each defendant substantially influenced or controlled the actions or inactions of the each other defendants.

152.     That by their own respective acts and actions, each defendant substantially influenced and encouraged each other defendant in the furtherance of the fraud.

153.     That all and every defendant contributed equally to the fraud as no one defendant could have or did commit the fraud alone.

154.     That without the substantial help, aid and assistance of Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, Defendants H&S COMPAINES and WARD A. VAN DAM could not have nor did commit the fraud against this Plaintiff.

155.     That without the substantial help, aid and assistance of Defendants H&S COMPAINES and WARD A. VAN DAM, Defendants EDGEWATER GRILL and BLANCHE E. KLAUS, could not have nor did commit the fraud against this Plaintiff

WHEREFORE, this Plaintiff respectfully prays that this Honorable Court:

A. Award Plaintiff the statutory award of a minimum of $5,000.00; and

B. Award Plaintiff exemplary damages against Blanche E. Klaus in the amount of $250,000.00; and

C. Award Plaintiff exemplary damages against Edgewater Grill LLC in the amount of $500,000.00; and

D. Award Plaintiff exemplary damages against Ward A. Van Dam in the amount of $250,000.00; and

E. Award Plaintiff exemplary damages against H&S Companies in the amount of $500,000.00; and

F. Order all Defendants to prepare and file a corrected 2010 Form W-2 in the name of Plaintiff.

Submitted this 9th day of February, 2012.

David C. Swartwout
816 S. Beacon Blvd #59
Grand Haven  MI  49417
616.916.3223