UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DAVID CHARLES SWARTWOUT,           )
                                    )
                 Plaintiff,         )          Case No. 1:12-cv-130
                                    )
v.                                  )          Honorable Joseph G. Scoville
                                    )
EDGEWATER GRILL, LLC, et al.,       )
                                    )          **MEMORANDUM OPINION**
                 Defendants.        )
_____ )

This matter is before the court on plaintiff's motion to dismiss the counterclaim filed by defendants Edgewater Grill, LLC and Blanche E. Klaus (the Edgewater defendants).  FED. R. CIV. P. 12(b)(1).  For the reasons set forth below, the motion to dismiss the counterclaim will be denied.

**Procedural History**

Plaintiff, acting *in pro per*, filed his complaint on February 9, 2012.  The complaint alleges a claim under 26 U.S.C. § 7434, a provision of the Internal Revenue Code that creates a private cause of action against any person who "willfully files a fraudulent information return with respect to payments purported to be made to any other person."  Plaintiff's complaint alleges that he began employment as the General Manager of a restaurant owned by defendant Edgewater Grill, LLC on or around March 15, 2010, pursuant to an agreement that he would be paid at the rate of $1,000.00 per week, net of all payroll taxes.  The company ceased doing business in November 2010.  Plaintiff alleges that his employer's accountants, H&S Companies and Ward Van Dam, filed a form

W-2 for the year 2010 containing major discrepancies. Plaintiff asserts that the form W-2 was fraudulent within the meaning of 26 U.S.C. § 7434(a). Although the complaint sets forth ten counts, denominated "fraud," "civil conspiracy," and "aiding and abetting," plaintiff has since made it clear that all of his claims are federal in nature and arise under section 7434. Plaintiff seeks actual and exemplary damages, as well as an order requiring defendants to prepare and file a corrected W-2 form for the year 2010.

On May 11, 2012, the Edgewater defendants, acting through counsel, filed an answer and counterclaim. The counterclaim alleges that the Edgewater defendants indeed hired plaintiff to manage a restaurant, in anticipation that the parties would later enter into a purchase agreement under which plaintiff would become owner of the business. The Edgewater defendants charge plaintiff with converting to his own use over $75,000.00 in funds, along with food and other supplies that were entrusted to him in his position as manager. They further allege that plaintiff failed to pay sales tax, converting such funds to his own use. The counterclaim also alleges fraud and misrepresentation, asserting that plaintiff fraudulently held himself out to be proficient and expert in restaurant management and fraudulently created payroll stubs for employees showing that taxes had been taken from their payroll checks, when this had not been done. The counterclaim apparently arises under Michigan law.

On May 25, 2012, plaintiff filed a motion to dismiss the counterclaim for lack of subject-matter jurisdiction. (docket # 38). Plaintiff's motion argues that the counterclaim falls outside of the court's supplemental jurisdiction. 28 U.S.C. § 1367. The Edgewater defendants have filed a four-page response to the motion (docket # 43), arguing that the counterclaim falls within the court's supplemental jurisdiction. The response cites no cases, but argues that plaintiff's claim arises

from his "business relationship" with defendants and that defendants' counterclaim likewise asserts claims that arose "during the business relationship." (*Id.* at ¶ 3).

All parties have consented to the dispositive jurisdiction of a magistrate judge. (Consent and Order of Reference, docket # 53). For the reasons set forth below, I conclude that the counterclaim, whether compulsory or permissive, falls within the court's supplemental jurisdiction.

### <u>Discussion</u>

Rule 13 of the Federal Rules of Civil Procedure distinguishes between compulsory and permissive counterclaims. A compulsory counterclaim (that is, a counterclaim that a defendant must assert) is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a)(1)(A). A permissive counterclaim is "any claim that is not compulsory." FED. R. CIV. P. 13(b). Under the common law that prevailed before 1990, a compulsory counterclaim was considered as falling within the "ancillary jurisdiction" of the federal district court and therefore did not require an independent basis for subject-matter jurisdiction. *See, e.g., Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 126-27 (6th Cir. 1978). "[T]he court may exercise ancillary jurisdiction of a compulsory counterclaim regardless of whether the counterclaim rests upon an independent jurisdictional basis." *United States v. City of Menominee, Mich.*, 727 F. Supp. 1110, 1117 (W.D. Mich. 1989) (Hillman, C.J.). The federal courts generally held that permissive counterclaims, by contrast, must be supported by independent grounds of federal jurisdiction. *See McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 248 (1st Cir. 1982). The question of the district

court's jurisdiction over a counterclaim therefore hinged, in many cases, on the characterization of a counterclaim as compulsory or permissive.

The Judicial Improvements Act of 1990 created the concept of "supplemental jurisdiction."  28 U.S.C. § 1367(a).  The statute grants federal district courts supplemental jurisdiction over all claims that are part of the same Article III case or controversy:

> (a)     Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  In defining supplemental jurisdiction, Congress adopted the test articulated by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), for pendent claims.  Under *Gibbs*, the district court could exercise pendent jurisdiction over state-law claims asserted by the plaintiff if the federal and state claims arose from a "common nucleus of operative fact."  *Id.*  This test was broader than the ancillary jurisdiction test applied to claims asserted not by the plaintiff, but by defendants or other parties.  The Supreme Court had never tried to reconcile these concepts.  *See* 13 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE & PROCEDURE, § 3523 at 172-185 (3d ed. 2008).  Congress, however, did reconcile these concepts, by subsuming both ancillary and pendent jurisdiction under the new title of "supplemental jurisdiction" and adopting the broader *Gibbs* test for all such claims.

At first, some lower courts mistakenly assumed that section 1367(a) merely codified the common-law doctrines of pendent and ancillary jurisdiction.  *See, e.g., Iglesias v. Mut. Life Ins. Co. of N.Y.*, 156 F.3d 237, 241 (1st Cir. 1998).  Under this view, permissive counterclaims still

required an independent basis for federal jurisdiction.  *Id.*  But in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2004), the Supreme Court held, albeit in a different context, that section 1367(a) did not merely codify the common law.  "Nothing in § 1367 indicates a congressional intent to recognize, preserve or create some meaningful, substantive distinction between the jurisdictional categories we have historically labelled pendent and ancillary."  545 U.S. at 559.

        As a result, every federal appellate court to reach the issue has held that section 1367(a) has "displaced, rather than codified" the doctrine of ancillary jurisdiction.  *See Jones v. Ford Motor Co.*, 358 F.3d 205, 213 (2d Cir. 2004).  These courts hold that the broad language of section 1367(a), and not the superseded "same transaction or occurrence" test of ancillary jurisdiction, governs the district court's jurisdiction over counterclaims.  *Id.*; *accord Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385 (7th Cir. 1996); *Global Naps, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 87 (1st Cir. 2010) ("Thus § 1367 abolishes the conceptual framework underpinning the old compulsory-permissive counterclaim distinction.").  Although the Sixth Circuit has not yet had occasion to reach this issue, no federal appellate court has held otherwise since 2000, and this court and other district courts in the Sixth Circuit have concluded that the Sixth Circuit is likely to join its sister circuits on this issue.  *See Quinn v. Pipe & Piling Supplies (U.S.A.), Ltd.*, No. 2:09-cv-161, 2011 WL 672240, at * 2 (W.D. Mich. Feb. 18, 2011) (Bell, J.); *see also Frisby v. Keith D. Weiner & Assoc. Co., LPA*, 669 F. Supp. 2d 863, 870-72 (N.D. Ohio 2009); *Dodson v. Action Nissan, Inc.*, No. 3:05-619, 2006 WL 2503621, at * 1-2 (M.D. Tenn. Aug. 25, 2006).

        Under the foregoing authorities, a district court's jurisdiction over a counterclaim no longer depends on whether the counterclaim arises from the "same transaction or occurrence" as the principal claim.  Rather, the test is whether the claims are so related "that they form part of the same

case or controversy under Article III" of the Constitution. 28 U.S.C. § 1367(a). This test requires only a "loose factual connection" between the claims. *Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002). The counterclaims asserted by plaintiff's employer in the present case easily meet this test. Plaintiff's claims require the court to determine the nature of the employment agreement between plaintiff and his former employer, including the agreed-upon compensation arrangement, the accuracy of plaintiff's accounting for salary and taxes, and, in light of the foregoing, the question whether defendant's W-2 report was wilfully fraudulent. The counterclaim of the Edgewater defendants also arises from plaintiff's employment as restaurant manager. The counterclaim charges plaintiff with fraud and conversion and will require the court to determine the scope of plaintiff's authority as restaurant manager, the accuracy of his accounting practices, and the question whether he converted money or property of the restaurant to his personal use. Both the claim and the counterclaim arise from a common nucleus of operative fact such that the claims ordinarily would be tried in one judicial proceeding. *See Gibbs*, 383 U.S. at 725. There is more than a loose factual connection between the principal claim and the counterclaims, satisfying the broad supplemental jurisdiction test of section 1367(a).

Supplemental jurisdiction is discretionary, not mandatory. *Charvat v. NMP, LLC*, 656 F.3d 440, 446 (6th Cir. 2011). The court may decline to exercise supplemental jurisdiction for any of the reasons set forth in 28 U.S.C. § 1367(c), including the novel or complex nature of the state-law claims or other "compelling reasons." At this early stage of the litigation, it is not clear to the court that any of the reasons set forth in the statute for declining the exercise of supplemental jurisdiction exists. Plaintiff makes a brief argument that defendants' counterclaims will "substantially predominate" over the federal claims set forth in the complaint. *See* 28 U.S.C. §

1367(c)(2). It is too early in the case to determine whether this prediction is in fact true. As discovery progresses and the scope of disputed facts becomes clearer, the court should be in a better position to exercise its discretion under section 1367(c), as the factors enumerated therein tend to be fact-bound.

In conclusion, the court determines that the relationship between the claims and counterclaims in this case is sufficient for defendants to invoke supplemental jurisdiction under 28 U.S.C. § 1367(a). Plaintiff's motion to dismiss the counterclaim for lack of jurisdiction will therefore be denied. After the close of discovery, any party may ask the court to decline supplemental jurisdiction over any claim or claims for the reasons enumerated in section 1367(c).

Dated:   June 27, 2012                    /s/  Joseph G. Scoville
                                          United States Magistrate Judge

-7-