UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

| | | |
|---|---|---|
| DAVID CHARLES SWARTWOUT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-130 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| EDGEWATER GRILL LLC, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought by a *pro se* plaintiff for damages under 26 U.S.C. §
7434(a). Plaintiff's claim arises from defendants' alleged submission of a fraudulent Form W-2
covering plaintiff's wages for the year 2010. Named as defendants are Edgewater Grill, LLC
(plaintiff's former employer); Blanche E. Klaus, alleged to be the sole member of Edgewater Grill,
LLC; H&S Companies, P.C., a professional services corporation; and Ward A. Van Dam, CPA,
alleged to be the managing partner of H&S Companies. Plaintiff's complaint alleges that he was
employed by Edgewater Grill pursuant to an oral agreement from May through October, 2010.
(Compl. ¶¶ 20, 21). Plaintiff alleges that defendants H&S and Van Dam "created and filed and/or
directly caused the creation and filing" a Form W-2, covering plaintiff's wages during the term of
that employment. (*Id.*, ¶ 25). Plaintiff informed these defendants of "major discrepancies" in the
W-2 form, but they failed to prepare a corrected document. (*Id.*, ¶¶ 27-29). The complaint contains
a claim of fraud against Van Dam (count III), a claim of fraud against H&S (count IV), a claim of
civil conspiracy among all four defendants to file a materially false and fraudulent W-2 form (count

V), a claim of conspiracy among H&S and Van Dam to file a materially false W-2 form (count VII),

a claim against Van Dam for aiding and abetting in the preparation and presentation of a fraudulent

Form W-2 (count IX), and a claim of "joint enterprise" against all four defendants (count X).

Plaintiff seeks an award of statutory damages under 26 U.S.C. § 7434(b), plus an award of

exemplary damages against each defendant in amounts ranging from $250,000.00 to $500,000.00,

and an injunction compelling his former employer "to file a corrected Form W-2."[1]  (Compl. at ID#

21).  The period allowed for discovery has now closed, and defendants H&S and Van Dam have

moved for summary judgment.   After review of the record, I conclude that plaintiff has not

established a viable claim against the moving defendants.  Their motion for summary judgment will

therefore be granted.

### Discussion

Plaintiff's claims all arise under 26 U.S.C. § 7434(a), which provides as follows:

> **(a)  In general.** - If any person willfully files a fraudulent information return
> with respect to payments purported to be made to any other person, such other person
> may bring a civil action for damages against the person so filing such return.

Congress passed this section of the Internal Revenue Code as part of the Taxpayer Bill of Rights of

1996, Pub. L. 104-168, Title VI, § 601(a), 110 Stat. 1462.  As plaintiff himself concedes, one

element of a claim under section 7434(a) is that the defendant be a person filing an information

return.  (*See* Brief, docket # 111, ID# 772).  Plaintiff's claim against H&S and Van Dam falters on

this element.

---

[1] Although some of the counts in the *pro se* complaint appear to arise under state law, plaintiff has made it clear on the record at two separate hearings that his only claims in this case arise under the federal statute, 26 U.S.C. § 7434, and that the conspiracy, aiding and abetting, and other common-law claims all relate to his federal claim.

Plaintiff's complaint clearly alleges that he worked for defendant Edgewater Grill and that Edgewater Grill and Klaus were his "employers" within the meaning of the Internal Revenue Code. (Compl. ¶¶ 10, 11). Plaintiff does not allege that he was employed by either H&S or Van Dam. Rather, he asserts that these defendants created and caused to be filed the erroneous W-2 form that is at issue in this case. (*Id.*, ¶ 25). The question, therefore, is whether liability under section 7434(a) attaches to those who assist the employer in preparing and filing information returns under the Internal Revenue Code.

This issue was resolved by Judge George Steeh of the Eastern District of Michigan in *Vandenheede v. Vecchio*, No. 12-12284, 2013 WL 692876 (E.D. Mich. Feb. 26, 2013). In that case, plaintiff brought suit under section 7434(a) for the issuance of an allegedly fraudulent Form 1099-MISC. The 1099 had been issued by a trustee of a revocable trust. In addition to naming the trustee, plaintiff named the trust's accountant and attorney. The question under the *Vandenheede* case, as in the present case, was whether the accountant and attorney, who allegedly prepared and caused the return to be filed, could be liable under section 7434. Relying on a Treasury regulation issued by the IRS defining the "filer" of an information return, 26 C.F.R. § 301.6721-1(g)(6), the court held that only the person required to file an information return can be held liable under the statute. The court summarized its holding as follows:

> Borschke [the accountant] and Vecchio [the attorney] prepared and caused the return to be filed, but it was Donald J. Chinn [the trustee] who "filed the return" for purposes of § 7434. There is no authority for the argument that the defendants, either personally or as co-trustees, are the filers of the 1099s, and the statutory claim plaintiff brings is only authorized "against the person so filing such return." 26 U.S.C. § 7434(a). Plaintiff's claim against Borschke and Vecchio for filing a fraudulent information return under 26 U.S.C. § 7434 is dismissed.

2013 WL 692876, at * 3. The *Vandenheede* case, although not binding precedent, is squarely based on the language of the statute and regulation and is therefore persuasive.

Federal law and regulation require the employer to issue information returns, such as W-2 forms and 1099 forms. *See* 26 U.S.C. § 6051(a); 26 C.F.R. § 31.6051-1. As explained in the general instructions for Form W-2, the obligation to file the form falls on the employer:

> **Who must file Form W-2.** Every employer engaged in a trade or business who pays remuneration, including noncash payments of $600 or more for the year (all amounts if any income, social security, or Medicare tax was withheld) for services performed by an employee must file a W-2 form for each employee (even if the employee is related to the employer) from whom:
> • Income, social security, or Medicare tax was withheld.
> • Income tax would have been withheld if the employee had claimed no more than one withholding allowance or had not claimed exemption from withholding on Form W-4, Employee's Withholding Allowance Certificate.

General Instructions for Forms W-2 and W-3, at 4 (Internal Revenue Service, 2012). Although lawyers and accountants may assist, the obligation to file is upon the employer. Thus, the statutory claim under section 7434(a) is solely against the employer, the only "person so filing such return." 26 U.S.C. § 7434(a).

Perhaps anticipating this difficulty, plaintiff has alleged claims of conspiracy, aiding and abetting, and joint enterprise against H&S and Van Dam. The effort is unavailing. When dealing with statutory causes of action, the federal courts are guided by the language of the statute in determining the appropriate defendants, not by common-law theories of conspiracy or aiding and abetting. The controlling case is *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994). In *Central Bank of Denver*, the Court addressed the question whether secondary aiding-and-abetting liability exists for claims under section 10(b) of the Securities Exchange Act. In rejecting such liability, the Court laid out important principles governing

-4-

secondary liability under federal statutes.  The Court held that "the starting point in every case involving construction of a statute" is its language.  511 U.S. at 173.  Courts may not read a cause of action for secondary liability into the language of a federal statute that is silent on the issue, because doing so would "extend liability beyond the scope of conduct prohibited by the statutory text."  *Id.* at 177.  In refusing to recognize a cause of action for aiding and abetting, the Court observed that "Congress knew how to impose aiding-and-abetting liability when it chose to do so," and that if "Congress intended to impose aiding-and-abetting liability," it would have used appropriate words in the statutory text.  *Id.* at 176-77.  The Court held that federal courts are not permitted to "amend the statute to create liability for acts that are not themselves . . . within the meaning of the statute."  *Id.* at 177-78.  "Thus, when Congress enacts a statute under which a person may sue and recover damages from a private defendant for the defendant's violation of some statutory norm, there is no general presumption that the plaintiff may also sue aiders and abetters."  *Id.* at 182; *accord Mertens v. Hewitt Associates*, 508 U.S. 248 (1993) (rejecting claim that knowing participation by non-fiduciaries in a breach of fiduciary duty is actionable under ERISA).

Since the Supreme Court's decision in *Central Bank of Denver* almost twenty years ago, the federal courts have been loathe to extend liability beyond the clear text of a statute on theories of civil conspiracy or aiding and abetting.  *See, e.g., Freeman v. DirecTV, Inc.*, 457 F.3d 1001 (9th Cir. 2006) (rejecting liability on theories of aiding and abetting or conspiracy for civil claims under the Electronic Communications Privacy Act); *Doe v. GTE Corp.*, 347 F.3d 655, 658-59 (7th Cir. 2003) ("Normally federal courts refrain from creating secondary liability that is not specified by statute."); *Dinsmore v. Squadron, Ellenoff, Plesent, Shienfeld & Sorkin*, 135 F.3d 837, 841-42 (2d Cir. 1998) (refusing to recognize conspiracy claim for section 10(b) violation); *Minter*

*v. Wells Fargo Bank, N.A.*, Nos. 07-3442, 08-1642, ___ F. Supp. 2d ___, 2013 WL 593963, at * 16-17 (D. Md. Feb. 14, 2013) (collecting cases). As the Seventh Circuit has succinctly summarized the rule, "statutory silence on the subject of secondary liability means there is none." *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (*en banc*).

Under the foregoing authorities, the court is not at liberty to superimpose common-law claims of secondary liability, such as conspiracy, joint enterprise, or aiding and abetting, to expand the class of persons liable for statutory violations. In the absence of any hint in a statute of a Congressional intent to create secondary liability, the issue is foreclosed. The consequence is that liability for filing a false information return must be limited to the person responsible for filing it, in this case the employer.

## Conclusion

For the foregoing reasons, the court finds that no secondary liability can be implied for claims under 26 U.S.C. § 7434(a) and that defendants H&S Companies and Ward Van Dam are entitled to judgment as a matter of law.


Dated:   July 12, 2013                                  /s/  Joseph G. Scoville_____
                                                        United States Magistrate Judge

-6-